Sidney L. SYNA, individually and as a member of the Class of members and credit card holders of the Diners Club, Inc., Plaintiff,

v.

The DINERS CLUB, INC., a New York corporation, Defendant.

No. 69–1305–Civ.

United States District Court, S. D. Florida.

March 10, 1970.

Fink & Syna, Miami, Fla., for plaintiff.

Shapiro, Fried, Weil & Scheer, Miami Beach, Fla., for defendant.

## SUMMARY FINAL JUDGMENT

CABOT, District Judge.

This cause came before the court upon the motions of plaintiff and defendant for summary judgment. The court has considered the motions, reviewed the file, received the advices of counsel, and is otherwise duly advised in the premises.

The complaint in this class action suit alleges that the defendant, The Diners Club, has charged both the plaintiff, Sidney L. Syna, and the members of the class he purportedly represents interest on their unpaid balances in the amount of 1½% per month or 18% per year, that neither the plaintiff nor members of his class has agreed either in writing or orally to pay such charges, and that the charges are violative of the Truth in Lending Act and present Florida state law. The defendant has answered the complaint denying the material allegations contained therein and has filed a counterclaim seeking to collect from the plaintiff the amount outstanding on his account now past due and owing. The plaintiff has not denied the allegations of the counterclaim and on December 10, 1969, deposited into the registry of the court the amount in dispute on that claim.

The complaint, originally filed in state court on October 10, 1969, alleges that the plaintiff was charged interest on the unpaid balance of his account in July, August, and September of 1969. The records before the court indicate that as a result of his failure to pay past due charges, plaintiff's membership in the Diners Club was terminated on November 20, 1969, and one day later, on November 21, 1969, plaintiff's account was credited with $2.70 representing the amount of the interest charges to which he has objected.

The defendant asserts that it is entitled to a judgment as a matter of law because the plaintiff lacks the standing necessary to bring this suit as a class action since he is not a member of the class he purportedly represents and since he was never required to pay any of the assessed interest charges. Defendant also asserts that it is entitled to summary judgment upon the ground that even if plaintiff were still a member of the Diners Club, the membership application forms obligated him to pay interest charges assessed for delinquency.

Rule 23(a), Fed.R.Civ.P., provides that "one or more members of a

class may sue or be sued as representative parties \* \* \*." The language of the rule indicates that in order to have standing to bring a class action, the class representative must first and foremost be a member of the class which he seeks to represent. 3 Moore's Fed. Practice, § 23.04 (2d ed.); 2 Barron & Holtzoff, Fed. Practice and Procedure § 567 (Rules ed. Wright, 1961); Hamer v. Campbell, 5 Cir.1966, 358 F.2d 215. In considering the question of the standing, the court in Carroll v. Assoc. Musicians of Greater New York, 2 Cir.1963, 316 F.2d 574, held that the plaintiffs lacked the standing necessary to bring their suit as a class action, for having been expelled from the union, they were no longer required to make the payments, the collection of which they had objected to in their suit. A similar situation was presented in Sawyers v. Grand Lodge Int'l Ass'n of Machinists, E.D.Mo., 279 F.Supp. 747. There, in Count Two of the complaint, the plaintiff Sawyers, as an alleged class representative, asserted that union dues had been unlawfully increased. Citing *Carroll, supra,* as authority, the court held that Sawyers, who was expelled for unlawful interference with union funds, was not entitled to maintain a class action on behalf of other members of the union, notwithstanding union membership at the time he filed suit, where he had committed many of the acts which led to his subsequent expulsion prior to the institution of the action.

Applying the aforementioned authorities to the case at bar, it is clear that the plaintiff lacks the standing necessary to bring this suit as a class action.

■ There is no doubt that an organization such as The Diners Club has the right to expel from membership those individuals who for some reason or another fail or refuse to pay their accounts. It is clear from the letter of termination sent the plaintiff by the defendant on November 20, 1969, that plaintiff's membership was being terminated because of his failure to pay his account then overdue, at least in part, since July, 1969. The evidence before the court indicates that the plaintiff's membership was terminated for that reason and for no other. As in *Carroll, supra,* the plaintiff, having been expelled from membership in the defendant organization, lacks the standing necessary to bring this suit as a class action. As in *Sawyer, supra,* the plaintiff here was excluded from membership after he filed suit for acts which occurred prior to the institution of the action, *i. e.,* his repeated failures to pay his account when due. At the present time the plaintiff is not a member of the class on whose behalf he has instituted suit and therefore lacks the requisite standing, within the meaning of Rule 23, to bring this suit as a class action.

The defendant has also moved for summary judgment on its counterclaim seeking to collect from the plaintiff the principal amount due and owing. As previously mentioned, the plaintiff has admitted his liability for $133.20 and has deposited that amount into the registry of the court. The defendant, therefore, is entitled to judgment on the counterclaim.

It appearing that there are no genuine issues of material fact, it is, accordingly,

Ordered and adjudged that:

1. Plaintiff's motion for summary judgment be and the same is hereby denied.

2. Defendant's motion for summary judgment on the complaint be and the same is hereby granted, and final judgment is entered in favor of the defendant and against the plaintiff, and the defendant shall go hence without day.

3. Defendant's motion for summary judgment on the counterclaim be and the same is hereby granted, and final judgment in the amount of $133.20 is entered in favor of the defendant-counterclaimant, The Diners Club, Inc., and against plaintiff-counter-defendant, Sid-

ney L. Syna, together with costs incurred in this action.

4. The Clerk of this court shall pay to defendant, The Diners Club, Inc., the sum of $133.20 deposited into the registry of the court by the plaintiff herein, less reasonable Clerk's charges.