Buck GREEN, Individually and on behalf
of all others similarly situated,
Plaintiff,

v.

MISSOURI PACIFIC RAILROAD COM-
PANY, a corporation, Defendant.

No. 72 C 702.

United States District Court,
E. D. Missouri, E. D.

April 13, 1973.

Walter W. Heiser, Phillip F. Fishman, Francis H. Kennedy, Legal Aid Society of the City and County of St. Louis, St. Louis, Mo., for plaintiff.

R. W. Yost, M. M. Hennelly, C. P. Lippert, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

WEBSTER, District Judge.

This matter is before the court on defendant's motions to dismiss for failure to join parties under Rule 19 and to dismiss the class action. *See* Fed.R.Civ.P. 12(b)(7), 23(c).

This action is brought to redress alleged racially discriminatory employment practices under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. A declaratory judgment is also sought under 28 U.S.C. § 2201 and § 2202.

The substance of Green's individual claim, as revealed from the face of the complaint, is as follows: Defendant denied Green employment as a night clerk in its General Office. Defendant has a policy of requiring applicants for employment to disclose whether they have ever been arrested or convicted of a crime. Green disclosed that he had been arrested and convicted in 1967 for failure to report for military induction. Green has never been arrested for or convicted of any other offense. Defendant has a policy of refusing to hire any person arrested and convicted of a criminal offense other than a minor traffic violation. Plaintiff alleges that a disproportionately greater percentage of Negroes as compared to Whites are arrested and convicted of criminal offenses. Therefore, he alleges, defendant's policy has a greater adverse effect on Negroes than on Whites seeking employment, and hence results in discrimination on the basis of race.

### Class Action

Plaintiff's complaint attempts to establish the class as one "which consists of all Negro persons who have been, continue to be, or will be denied employment and other equal employment opportunities with the defendant . . . because of the defendant's acts, policies, practices, customs, and usages complained of herein." The only other allegedly unlawful employment practices specifically referred to in the complaint are the maintenance of a racially segregated work force and racially segregated job classification.

Rule 23, Federal Rules of Civil Procedure, governs class actions. The prerequisites to a class action are as follows:

"(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

The first requirement is commonly referred to as "numerosity". It can be assumed at this time that the first requirement is met. If the class is that described by plaintiff, the number would obviously make joinder impracticable. If, however, the class is to be limited, there will be ample opportunity following initial discovery to determine the number of persons in the class and alter or amend this order before a decision on the merits. *See* Fed.R.Civ.P. 23(c)(1).

The second requirement is sometimes referred to as "commonality". There are clearly common questions of law or fact regarding those persons who have been denied employment because of defendant's alleged policy of refusing to hire any person arrested and convicted of a criminal offense other than a minor traffic violation. Plaintiff alleges in the complaint that the common questions of law and fact are "whether the acts, policies, practices, customs, and usages of the defendant . . . denies employment and other equal employment opportunities to Negroes . . . ." As noted above, the only other allegedly unlawful employment practices specified in the complaint are the maintenance of a racially segregated work force and racially segregated job classifications. These allegedly unlawful practices could only have an effect on persons *not* refused employment. It is not readily apparent that there are questions of law or fact common to a class comprised of those Negroes who were refused employment by defendant *and* those who were hired. In the absence of any allegations in the complaint specifying common questions of law or fact, this court cannot conclude that those Negroes who were hired by defendant and who allegedly suffered from the maintenance of a

racially segregated work force and racially segregated job classifications have questions of law or fact in common with those Negroes who were not hired by defendant because of its policy regarding criminal convictions. Plaintiff will not be permitted to maintain an action on behalf of the class he purports to represent unless he can demonstrate that there are questions of law or fact common to that class.

The third requirement is commonly referred to as "typicality". Plaintiff's claim is obviously typical of the claims of those Negroes who have been denied employment because of defendant's alleged policy regarding previous convictions of criminal offenses. However, a different situation is presented when the typicality requirement is examined for a class including those Negroes who were hired by defendant. In White v. Gates Rubber Company, 53 F.R.D. 412 (D. Colo.1971), the court noted that the typicality requirement has never been discussed in detail, but has been frequently treated as identical to the commonality requirement or the requirement of adequate representation. The court went on to say:

"It is difficult to accept the conclusion . . . that the requirement serves no independent purpose. A more reasonable reading of the requirement would seem to entail the necessity of demonstrating that there are other members of the class who have the same or similar grievances as the plaintiff."

*Id.* at 415

As pointed out above, it seems clear that plaintiff's claim is typical of the claims of those Negroes who have been denied employment because of defendant's policy regarding previous criminal convictions. Plaintiff has not shown, however, how his claim is typical of those of Negroes who were hired by defendant and allegedly suffer the effects of a racially segregated work force and racially segregated job classification.

■ This court concludes that plaintiff has not shown at this time that the class he purports to represent satisfies the prerequisites to a class action in Rule 23(a)(2) and (3). Plaintiff has shown, however, that he has satisfied prerequisites (1), (2) and (3) of Rule 23(a) for a class comprised of those Negroes who have been denied employment at defendant's General Office because of defendant's alleged policy of refusing to hire persons arrested and convicted of a criminal offense other than a minor traffic violation. Plaintiff has a sufficient economic stake in the proceedings to insure diligent and thorough prosecution of the claim. The competency of plaintiff's counsel, attorneys of the Legal Aid Society of the City and County of St. Louis, is unchallenged. Therefore, this court concludes that prerequisite (4) of Rule 23(a) is satisfied.

Rule 23, Federal Rules of Civil Procedure, also requires that one of the conditions of Rule 23(b) be satisfied in order for a class action to be maintained. Plaintiff has alleged that defendant has a *policy* of refusing to hire any person arrested and convicted of a criminal offense other than a minor traffic violation. Rule 23(b)(2) provides:

"the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;"

With respect to the class delineated above, by this court, the allegation of the existence of defendant's policy of refusing to hire any person arrested and convicted of a criminal offense other than a minor traffic violation satisfies the requirement of Rule 23(b)(2).

It also appears that the class should be limited to an appropriate time frame with respect to when the members of the class were allegedly denied employment because of defendant's policy. The absolute outer limit, in terms of granting

any relief, is the effective date of the act—July 2, 1965. Pub.L. 88–352, § 716. The outer limit with respect to the award of back pay is "two years prior to the filing of a charge with the Commission." 42 U.S.C. § 2000e–5(g). Plaintiff, however, seeks in behalf of himself and the class injunctive relief including hiring or reinstatement. The parties have not briefed this point. The parties are invited to file briefs regarding this point within fifteen (15) days from date of this Memorandum and Order.

### Joinder of Parties

■ Defendant moves this court to require plaintiff to join as parties defendants those persons employed as clerks and named on a seniority list attached to the affidavit of one Mr. Hanika. Defendant argues that should plaintiff and the members of the class obtain the relief they seek, numerous clerical employees will be substantially affected. Plaintiff correctly states in his brief:

> "Whatever adverse affect disposition of this action may have on the seniority rights of existing employees relates not to the question of whether defendant . . . violates Title VII, but relates only to the appropriate relief to be given the plaintiffs if defendant['s] . . . liability under Title VII is established."

Accordingly, plaintiff will not be required to join additional parties at this time.

### Conclusion

Defendant's motion to dismiss as a class action is denied. Defendant's motion to dismiss for failure to join parties is denied. The foregoing also constitutes a conditional Order under Rule 23(c), Federal Rules of Civil Procedure. Discovery has been minimal up to this time. If circumstances warrant, this Order will be "altered or amended before a decision on the merits." Fed.R. Civ.P. 23(c)(1).

So ordered.