**Jessel WILLIAMS, a minor by Cornelia Williams, his mother and next friend, and Donald Allen, a minor, by Minnie Allen, his mother and next friend, et al., Plaintiffs,**

v.

**Ray PAGE, Superintendent of Public Instruction, and James Redmond, General Superintendent of Schools of the City of Chicago, et al., Defendants.**

No. 69 C 1297.

United States District Court, N. D. Illinois, E. D.

June 26, 1973.

See also D.C., 309 F.Supp. 814.

Michael F. Lefkow, Community Legal Counsel, Chicago, Ill., for plaintiffs.

James W. Coffey, Sheldon I. Goldman, and John J. Dillon, Asst. Attys. Gen., for the State of Illinois, Michael Saken, Asst. State's Atty., for the County of Cook, Chicago, Ill.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion for a determination of whether this cause can be maintained as a class action.

This is an action for declaratory judgment pursuant to Title 28, U.S.C. §§ 2201 and 2202 and to redress the alleged deprivation of the plaintiff's civil rights as guaranteed by the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), (4).

Plaintiffs, at the time of the filing of this action, were a group of indigent high school and elementary school students who sued on their own behalf and on behalf of all others similarly situated. The members of the class are children or adults in families receiving grants under the Illinois Aid to Families with Dependent Children Program who are graduating from elementary schools, upper grade centers and high schools.[1]

1. The following are named plaintiffs: Cornelia Williams, acting on behalf of

her minor son Jessel, who was a senior at Du Sable High School, Chicago,

Defendants include the Illinois State Superintendent of Public Instruction, various Chicago school officials, the Illinois Director of Public Aid, and the Cook County Director of Public Aid.[2]

The complaint, in essence, charges the defendants with violating the plaintiffs' Fourteenth Amendment rights by maintaining a scheme whereby exercise of a protected constitutional right is made extremely onerous for the poor and relatively easy for the wealthy. Specifically, it is claimed that school sponsored or sanctioned social events and other graduation activities are not available to the plaintiffs on equal terms because they are indigent.

The named plaintiffs in the complaint allege, *inter alia*, the following facts:

1. Plaintiffs are a class of poor children who are attending and graduating from various elementary and secondary public schools in the city of Chicago. In order to participate in school-sponsored or sanctioned graduation activities, the public school requires children to pay certain fixed fees and expenses.[3]

2. The defendants are: Ray Page, Superintendent of Public Instruction; James Redmond, General Superintendent of Schools of the City of Chicago; Frank M. Whiston, Thomas J. Murray, Bernard S. Friedman, Mrs. W. Lydon Wild, Mrs. Carey Preston, John D. Carey, Mrs. Louis A. Malis, Jack Wilkowsky, Mrs. Wendell E. Green, Harry M. Oliver, Jr., and Warren H. Bacon, members of the Board of Education for the City of Chicago; Byron C. Minor, Principal, Du Sable School; Mr. Brown, Principal, Wescott Elementary School; Mr. Brown, Principal, Du Sable Upper Grade Center; Evelyn F. Sansone, Director, Family Living Center No. 1; Mrs. Louise Perez, Principal, Beale Upper Grade Center; Dr. Donald J. Blyth, Principal, Forrestville Upper Grade Center; Thomas Culhane, Principal, Hess Upper Grade Center; and Dr. Ahern, Principal, Lindbloom High School.

3. An example of the type of fees and activities that are in question can be seen from the schedule for the June 1969 Du Sable High School graduation:

| | |
|---|---|
| Graduation Exercise | $ .50 |
| Dinner Dance | 18.00 |
| Announcements | 1.40 |
| Yearbook | 7.50 |
| Cap and Gown | 3.75 |
| Class Gift | .75 |
| Class Ribbon | .65 |
| Contingency Fund | .50 |
| Total | $33.00 |

(see Exhibits "A" and "B" attached to the complaint).

Illinois; Minnie Allen and her minor son Donald, who was an 8th grade student at Westcott Elementary School, Chicago, Illinois; Ernestine Hollins, who was a graduating senior at Hyde Park High School, Chicago, Illinois; Dorothy Jackson and her minor daughter, Betty Ann, who was an 8th grader at Du Sable Upper Grade Center, Chicago, Illinois; Lily Mae Moore and her daughter Ivett, who was a senior at Du Sable High School, Chicago, Illinois; Elcye McCoy on behalf of her minor sons Jesse and Johnnie, who were 8th graders at Hess Upper Grade Center, Chicago, Illinois; Mrs. Nellie Warmack and her son Warren, who was an 8th grader at Du Sable Upper Grade Center, Chicago, Illinois; Margaret Warmack and her daughters Cynthia and Sandra who were 12th graders at Family Living Center, Chicago, Illinois; Rosie Lee Bullock and her minor daughter Lizzie, who was an 8th grader at Du Sable Upper Grade Center, Chicago, Illinois; Elizabeth White and her minor daughter Aletha, who was an 8th grader at Forrestville Upper Grade Center, Chicago, Illinois; Magnolia Vinson and her minor son John, who was an 8th grader at Forrestville Upper Grade Center, Chicago, Illinois; Lee Phillips and his minor daughter Christine, who was an 8th grader at Forrestville Upper Grade Center; Catherine Dandridge and her minor son Michael, who was an 8th grader at Morton Upper Grade Center; Mrs. Barbra Alexander and her minor daughter Shirley, who was an 8th grader at Du Sable Upper Grade Center; Ruth Jackson and her minor daughter Lucinda who was a 12th grader at Lindbloom High School; Maxine Jones and her minor son Craig who was an 8th grader at Joseph Medill School; and Rosie Lee and her minor son Wesley, who was an 8th grader at Du Sable Upper Grade Center, Chicago, Illinois.

2. Plaintiffs are members of families subsisting on public assistance payments from the Illinois and Cook County Departments of Public Aid. Neither they nor their families have any money or resources with which to pay the required fees and expenses. No provision is made by the public schools for those children who are unable to pay.

3. The Illinois Department of Public Aid ("IDPA") is authorized to pay plaintiffs' required school fees and expenses by Section 1017.1 of the IDPA Categorical Assistance Manual (see Count II, Paragraph 8 of the complaint). When plaintiffs, individually and through the Chicago Welfare Rights Organization, requested the necessary monies from their caseworkers at the Cook County Department of Public Aid ("CCDPA") they were denied the needed assistance.

4. Plaintiffs, through their protective association, the Chicago Welfare Rights Organization ("CWRO") attempted to inform defendants and the public of the problem they faced, and in particular, attempted to persuade defendants Daniel and Swank through letters, conferences, and informal picketing, to grant the needed assistance pursuant to Section 1017.1 (see Exhibits "F", "G", "H", and "I" of the complaint).

5. The response of IDPA as interpreted by defendant Daniel was to authorize payment of up to $8.25 for rental of a cap and gown as clothing in lieu thereof. This was grossly inadequate to meet the various fees and expenses required by the public schools. Plaintiffs' defenseless children suffering from the disabilities of being (1) poverty striken, (2) children and (3) Negro have little weight in the political arena. The aforementioned activities by plaintiffs' parents exhausted their political potential for redress of their grievance. Exhaustion of administrative remedies would be futile and legislative relief is not available. The named plaintiffs were forced to pay the necessary fees and expenses by taking money from other budgeted items such as food, clothing, or shelter, whereby their families were deprived of basic necessities of life.

6. Plaintiffs contend these school policies and IDPA statewide regulation deprives them of due process and equal protection of the laws guaranteed to them by the Fourteenth Amendment to the United States Constitution.

The plaintiffs ask this Court to declare unconstitutional both the policies of defendant school officials requiring children of indigent families to pay fees and expenses in order to participate in graduation activities and the operation of Section 1017.1 as applied to the plaintiffs. In addition they ask the Court to grant preliminary and injunctive relief as well as damages and restitution.

The named plaintiffs, in Paragraph 7 of the instant complaint, allege the following class action:

"7. Plaintiffs bring this class action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. The members of the class similarly situated are children or adults in families receiving grants under the Illinois Aid to Families with Dependent Children program who are graduating from elementary schools, upper grade centers and high schools. All members of the class are residents of the State of Illinois. The members of this class are so numerous as

to make joinder impracticable; there are questions of law and fact common to the class; the claims representative of the parties are typical of the claims of the class; the representative parties will fairly and adequately protect the interests of the class; and the defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole."

The defendants, in support of their motion to determine whether a class can be maintained, contend:

1. Plaintiffs lack the standing necessary to bring this suit as a class action.

2. No common question of law or fact predominates.

3. The class does not meet the requirements of Rule 23(a)(2) and Rule 23(b)(3)(D).

## I. REQUIREMENTS FOR THE MAINTENANCE OF A CLASS ACTION.

In order for a class action to be the proper mechanism for adjudicating a controversy, the following requirements of Rule 23(a) must all be satisfied:

1. The class must be so numerous that joinder of all members would be impracticable.

2. There must be questions of law or fact common to the class.

3. The claims or defenses of the representative parties must be typical of the claims or defenses of the class.

4. The representative parties must fairly and adequately protect the interests of the class.

In addition one of the provisions of Rule 23(b) must be satisfied.

■ It is clear to this Court that the plaintiffs must meet the requirements of Rule 23(b)(3), which provides:[4]

"(3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

■ It is the opinion of this Court that the purported class of plaintiffs does not satisfy the prerequisite of Rule 23.

## II. THE PURPORTED PLAINTIFF CLASS FAILS TO MEET THE REQUIREMENTS OF RULE 23(b)(3).

Rule 23(b)(3) requires that "the question of law or fact common to members of the class predominate over any question affecting only individual members."

A single class-wide determination is impossible in the present suit as the common questions of fact do not predominate over the individual questions.

Each plaintiff or member of the alleged class will react and be affected in

---

4. Since the plaintiffs have requested both damages and injunctive relief the requirements of Rule 23(b)(3) must be met.

See Goldman v. First National Bank of Chicago, 56 F.R.D. 587 (N.D.Ill.1972).

a different way when faced with graduation expenses. For example, one of the named plaintiffs, Ernestine Hollins, was the mother of four children and the recipient of AFDC.

Some individuals may have been able to find part-time jobs and pay for these expenses with funds independent of their AFDC benefits and thus present a defense or at least a mitigating situation to the plaintiffs' class claim. The expenses at various schools were not uniform and thus the alleged injury would be different as to the named plaintiffs and members of the putative class. Consequently, injuries to these plaintiffs are significantly different in each case.

Plaintiffs claim to represent members of a class graduating from elementary schools, upper grade centers, night and high schools. Such a class is extremely broad and does not allow for differences in the "traumatic" injuries allegedly suffered. The fact that the School Code designates and allocates the students into these different categories makes it quite obvious that the effect of having to miss school dances, not have class ribbons, yearbooks, etc. varies quite dramatically throughout the proposed class depending upon individual make-up and grade level. It is apparent that the disappointment of a high school senior is different than that of an eighth grader in missing the prom or graduation dance. The effect on a night school student who is the mother of four is different than that of a thirteen-year-old who does not receive his class ribbons. The great difference in age and maturity of the members of the class makes it seem inconceivable that the class has a common question of fact that predominates over these varied individual injuries.

The key words of Rule 23 are "fair and efficient adjudication." The entire rationale for permitting class actions under Rule 23(b)(3) is to "achieve economies of time, effort, and expense and promote uniformity as to persons similarly situated, without sacrificing procedural fairness or bringing about the undesirable results" *Advisory Committee's Note*, Proposed Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 102–103 (1969). Class actions lose their attractiveness in cases wherein individual questions are seen to have such scope or variety as to overload the action.

It is the opinion of this Court that the instant putative class action involves a number of factual and legal issues which can only be determined on an individual basis and that hearing this case as a class action would necessitate a plethora of mini-trials. As a practical matter the capacities of even the best judge and jurors to absorb the factual situation presented in a trial are finite. A class action in the instant case would stretch the facilities and abilities of this Court beyond their elastic limit.

Given the large number of individual questions of law and fact, the ability of the named plaintiffs to carry forth the litigation on their own, and the problem of manageability, a class action is not superior to other methods of adjudicating the instant action.

## III. IT IS DOUBTFUL THAT THE PLAINTIFF CLASS HAS MET ALL THE REQUIREMENTS OF RULE 23(a).

The failure of the plaintiff class to meet the necessary requirements of Rule 23(b)(3) is fatal to the maintenance of a class in the instant action. Thus it is not necessary for this Court to decide whether the plaintiffs meet all the requirements of Rule 23(a). This Court in passing will merely cast serious doubt on whether the plaintiff could have met those requirements.

First, an essential prerequisite to maintaining a class action is the existence of a "class" whose bounds are precisely drawn. Weiss v. Tenney Corporation, 47 F.R.D. 283 (S.D.N.Y.1969); Dolgow v. Anderson, 43 F.R.D. 472

(E.D.N.Y.1969); Philadelphia Electric Company v. Anaconda American Brass Company, 43 F.R.D. 452 (E.D.Pa.1968).

An examination of the instant case reveals the problem of wide-ranging, undefined group, which may be too amorphous to be regarded as a class. See Gillibeau v. Richmond, 417 F.2d 426 (9th Cir. 1969).

The named plaintiffs merely allege that they bring this suit on behalf of all other persons similarly situated. Yet, the named plaintiffs fail to specify (1) whether they represent all indigents graduating from elementary or secondary schools throughout the state of Illinois or the City of Chicago; (2) whether they represent only the graduating year of 1969 or other years; and (3) whether the putative class of indigent graduates is automatically co-extensive with the potential claimants defined by the allegation of the complaint.

In short, the number of potential class members may be as limited as the named plaintiffs themselves or as numerous as every indigent graduate of an Illinois elementary or secondary school since the initiation of such graduation fees.

Second, the adequacy of the named plaintiffs' representation depends upon whether the interests of the representative parties are co-extensive with the interests of the class and upon whether the representative parties and their attorney can be expected to prosecute the action vigorously and to adequately represent the proposed class, as required by Rule 23(a)(4). Golgow v. Anderson, *supra*. These requirements must be strictly construed and stringently applied since absent class members will be bound by the judgment. Philadelphia Electric Co. v. Anaconda American Brass Company, *supra*. The undefined nature of the class, the varied financial positions of putative class members compounded by the fact that the named plaintiffs have already graduated raises a serious doubt as to whether the named

plaintiffs can adequately represent the putative class. See Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940); Carroll v. Assoc. Musicians of Greater New York, 316 F. 2d 574 (2nd Cir. 1963); Newman v. AVCO Corp., 313 F.Supp. 1069 (M.D. Tenn.1970); Sawyers v. Grand Lodge, International Assoc. of Machinists, 279 F.Supp. 747 (E.D.Mo.1967); Syna v. Dinners Club, Inc., 49 F.R.D. 119 (S.D. Fla.1970).

While this Court need not rule on whether the plaintiffs meet all the requirements of Rule 23(a), the cumulative effect of the above cited factors is to create a serious doubt as to the appropriateness of a class action in this case under Rule 23(a).

Accordingly, it is hereby ordered that the defendants' motion that this cause not be maintained as a class action is granted.