**Doreen RAPPAPORT et al.,**
**Plaintiffs,**

**v.**

**Herman KATZ, Individually and as Clerk**
**of the City of New York,**
**Defendant.**

**No. 74 Civ. 287 (MP).**

United States District Court,
S. D. New York.

May 1, 1974.

New York Civil Liberties Union, New York City by Eve Cary, Bruce J. Ennis, New York City, of counsel, for plaintiffs.

Adrian P. Burke, Corp. Counsel for the City of New York, New York City by Irwin L. Herzog, New York City, of counsel, for defendant.

## MEMORANDUM

POLLACK, District Judge.

Plaintiffs seek an order pursuant to Rule 23(c)(1), Fed.R.Civ.P. and Rule 11A(c) of the Civil Rules for the Southern and Eastern Districts of New York that this action may be maintained as a class action.

Plaintiffs are four persons constituting two couples—one married at City Hall in November 1973 and one planning to be married at City Hall within the coming year. Defendant is the Clerk of the City of New York; he supplies facilities and deputies, members of his staff, for the performance of civil weddings at the City Hall for those who have been licensed to marry.

Plaintiffs complain that certain rules which defendant has established in conjunction with his officiating at civil weddings—namely those dealing with appropriate attire and the exchange of rings—violate their rights to privacy and free expression guaranteed by the First, Ninth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is said to be predicated upon 28 U.S.C. §§ 1331, 1343, and 2201 et seq., this suit allegedly being authorized by 42 U.S.C. § 1983 and the Constitution itself.

Plaintiffs seek compensatory and punitive damages, as well as injunctive and declaratory relief directed against the requirements of the challenged rules for invoking defendant's officiating services.

The class that plaintiffs seek to represent is alleged to consist of "all persons who wish and are legally entitled to be married by the Clerk of the City of New York or by his agents." The requisite allegations of numerosity, commonality, typicality, and adequacy of representation have been made in conclusory form.

Certification is sought herein under Rule 23(b)(2), which provides that an action may be maintained as a class action if

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Some general observations about the necessity of a class actually being in existence prior to the certification of an action as a class action have been made by a leading treatise:

Although not specifically mentioned in the rule, an essential prerequisite for an action under Rule 23 is that there must be a "class." Whether a class exists is a question of fact that will be determined on the basis of the circumstances of each case. . . . [T]he general outlines of the membership of the class must be determinable at the outset of the litigation. . . . [T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member. *This means that the class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative.* . . . [I]f the court is persuaded that no definable class is present, it may have the class allegations stricken and allow the action to proceed on an individual basis. 7 C. Wright & A. Miller, Federal Practice and Procedure § 1760, at 579–83 (1972) (footnotes omitted) (emphasis added).

■ Plaintiffs will not be permitted to represent a class which is "too amorphous and imprecise," Price v. Skolnik, 54 F.R.D. 261, 263 (S.D.N.Y.1971), "nei-

ther distinguishable nor definable," Langford v. Tennessee, 356 F.Supp. 1163, 1164 (W.D.Tenn.1973) (*per curiam*) (three judge court). In Koehler v. Ogilvie, 53 F.R.D. 98, 100–101 (N.D.Ill. 1971), aff'd mem., 405 U.S. 906, 92 S.Ct. 938, 30 L.Ed.2d 777 (1972), the proposed plaintiff class consisted of all married and divorced men in the State of Illinois. Denying class action status, the three judge District Court said:

> The plaintiffs attempt to represent both men who have been divorced and those who may potentially face such action in the future, with the latter group appearing to be the great majority of the class. It is obvious that many of the currently married and unmarried men of Illinois will never sustain any contact whatsoever with the state's divorce laws. They, therefore, have no case or controversy against any of the defendants and have claims, if any at all, of a totally different nature than do the class of men who have endured the alleged discriminatory effect of the divorce laws in question. It is axiomatic that *the interests of the named representatives in a class action must be co-extensive with the interests of the other members of the proposed class. . . .* We conclude that the various members of the proposed class do not have interests co-extensive with the named plaintiffs, that the claims of the named plaintiffs are not typical of those of the proposed class, and that, for these reasons, the suit is not properly maintainable as a class action.

> Even apart from the above considerations, we have difficulty visualizing this suit as a proper class action. The plaintiffs name as defendants [certain public officers]. It is obvious that many of these defendants will fall into the plaintiffs' proposed class and in effect be placed in the position of suing themselves. It is clear, therefore, that the named plaintiffs have interests not wholly compatible with,

but rather antagonistic to, those whom they would represent. This alone is enough to dismiss the suit as a class action. . . . We conclude, therefore, that this lawsuit in its present projection may not be maintained as a class action.

.     .     .     .     .     .

> Finally, a class action is unnecessary to enable an appropriate examination of the constitutionality of the Illinois divorce laws since it can be as effectively achieved in an individual or joint action as in a class action. (citations omitted). (Emphasis supplied).

Likewise, in Cunningham v. Ellington, 323 F.Supp. 1072, 1074 (W.D.Tenn. 1971) (three judge court), where the proposed class consisted of those citizens of Memphis, Tennessee, who "have been subjected to, are presently subjected to, and who will be subjected in the future" to application of the statute under attack, the Court said:

> In the instant case membership in the alleged class is neither distinguishable nor definable. Plaintiffs include in their class citizens who will be subjected in the future to the application of [the statute]. It would be impossible now to determine which people in Memphis in the future will allegedly commit felonies and flee from the scene after policemen announce their intent to arrest.

■■ Applying these criteria to the proposed class herein, the defects in plaintiffs' formulation thereof are manifest. "All persons who wish and are legally entitled to be married" by the defendant constitute an amorphous, imprecise group which is neither distinguishable nor definable. Indeed, it is subject to change from day to day. More fundamentally, there is—and can be—no showing that members of the proposed class ("*all* persons who wish and are legally entitled to be married") share the complaint of the named plaintiffs herein. It cannot be said that all persons

seeking to be married by the defendant or his agents object to—or are even concerned with—his dress regulations or ring requirements. If even *some* persons who wish and are legally entitled to be married by the defendant approve of his regulations and seek gladly to comply therewith, the class as alleged cannot be approved for the reasons stated above.

The Court is not unaware of its powers in this area to redefine the class proposed in an appropriate manner to bring an action within Rule 23. Wright & Miller, *supra*, at 582–83. Without seeking to usurp the traditional role of counsel, the Court might attempt to define the class as all persons imminently seeking to be married by defendant or his agents who *also* object to the dress and ring rules he has promulgated. Although this would apparently narrow the hypothetical class somewhat, membership in the resultant "class" would still be incapable of ascertainment, for any such characterization would require an inquiry into the state of mind of each particular individual.

In Chaffee v. Johnson, 229 F.Supp. 445, 448 (S.D.Miss.1964), aff'd per curiam on other grounds, 352 F.2d 514 (5th Cir. 1965), cert. denied, 384 U.S. 956, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966), the Court held that a class alleged to consist of "all persons who are workers for the end of discrimination and segregation in Mississippi, for the encouragement of the exercise by Negroes in Mississippi of their right to vote and to register to vote, and for the exercise and preservation of civil rights generally in Mississippi" was not a proper class, saying:

The vague and indefinite description of the purported class depends upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual is within or without the alleged class. The members of a class must be capable of definite identification as being either in or out of it.

To like effect is the ruling of the Court in American Servicemen's Union v. Mitchell, 54 F.R.D. 14, 17 (D.D.C.1972), where, confronted with a proposed class consisting of "all American citizens who have, do, or intend to advocate ideas, policies, and political positions which are unpopular, controversial, or who otherwise dissent from the ideas, policies, and political positions predominant in American society," the Court said:

There is no such identifiable class as a matter of law and this part of the pleading is purely atmospheric and insubstantial. Accordingly, the complaint can be considered only in terms of the separate individual claims of the named plaintiffs.

■ Self-evidently, any declaratory relief awarded to plaintiffs in this action would quite likely have city-wide effect. Accordingly, a class action is not required. *Cf.* Holt v. Brown, 336 F. Supp. 2, 6 (W.D.Ky.1971) (mem.) (three judge court). *See generally* Katz v. Carte Blanche, 496 F.2d 747 (3d Cir. 1974).

It would be wholly inappropriate to certify this action as a class action and the motion therefor is, in all respects, denied.

So ordered.