**650**

Eddie WASHINGTON, James Franklin, Michael Wright on their own behalf and on behalf of others similarly situated, Plaintiffs,

v.

Daniel WALKER, Governor, State of Illinois, Harvey Johnson, Director of Department of Law Enforcement, Dwight E. Tomlinson Putnam, Superintendent of Highway Police, Leslie H. Geddes, and Martin Silverman, State Police Merit Board, Defendants.

No. S–Civ–75–90.

United States District Court,
S. D. Illinois, S. D.

Jan. 21, 1977.

Michael J. Hoare, Mid America Employment Rights Project, Stuart R. Berkowitz, Legal Aid Society of the City and County of St. Louis, St. Louis, Mo., for plaintiffs.

William J. Scott, Atty. Gen., State of Ill., Howard W. Feldman, Asst. Atty. Gen., Springfield, Ill., for defendants.

## MEMORANDUM AND ORDER

J. WALDO ACKERMAN, District Judge.

Plaintiffs are black males bringing suit in their own behalf and as representatives of a purported class. The gist of plaintiffs' action is the assertion that the Illinois State Police maintain recruitment and hiring practices that tend to limit, exclude or otherwise discourage blacks from seeking and obtaining positions as Illinois State Troopers in violation of Title VII of the 1964 Civil Rights Act as amended, (42 U.S.C. § 2000e) and 42 U.S.C. §§ 1981 and 1983.

Named plaintiffs Eddie Washington, James Franklin and Michael Wright now seek a determination under Federal Rule of Civil Procedure 23(c)(1) whether this action may be maintained as a Rule 23(b)(2) class action. The class plaintiffs purport to represent is delimited as:

> . . . all black males who applied for entry level positions as troopers with the Illinois State Police and were rejected, at least in part, because of their race and/or color, or who will apply for such positions in the future, or who might have applied but for the discriminatory practices complained of in plaintiffs' First Amended Complaint.

Rule 23(b)(2) provides that a class action may be maintained if the prerequisites of subdivision (a) are satisfied and:

[T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Subdivision (a) allows members of a class to sue as representatives of all the members only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Thus it is clear that in order to maintain this suit as a class action plaintiffs must meet the five requirements set out above. Defendants contend that none have been met.

Defendants basically raise three objections which are argued in one manner or another, to negate each of the elements plaintiffs are required to meet in order to establish this suit as a class action. Defendants. first attack the plaintiffs' definition of the class. Secondly, defendants assert that an agreement between defendants and the Equal Employment Opportunity Commission vitiates a number of the elements required to maintain a class action. Finally, defendants claim that plaintiffs are improper representatives of the class. Each of the defendants' three basic objections will be discussed separately.

## CLASS DEFINITION

■ Defendants contend that the class definition quoted above is inadequate to establish the Rule 23(a)(1) requirement that the class be so numerous as to make joinder of all members impractical. While this contention appears without merit since it is clear that a number of blacks throughout the state were denied positions with the state police allegedly on the basis of race, the vagueness of plaintiffs' class definition and its breadth, does pose some difficulty.

Two problems are presented with plaintiffs' class definition. First, plaintiffs allege no time frame other than past and future. Secondly, plaintiffs purport to represent all those black males "who might have applied but for the discriminatory practices complained of . . . ."

■ The basic question is whether the class boundaries as drawn by plaintiffs are so indefinite as to preclude maintenance of the suit as a class action. Some courts have held that a prerequisite to a class action is the existence of a class "whose bounds are precisely drawn." *Dolgow v. Anderson,* 43 F.R.D. 472, 491 (E.D.N.Y.1968), *see also, Williams v. Page,* 60 F.R.D. 29 (N.D.Ill. 1973) and *Hettinger v. Glass Specialty Co., Inc.,* 59 F.R.D. 286 (N.D.Ill.1973). Those cases, however, dealt with class actions brought under F.R.Civ.P. 23(b)(3) where a more precise class definition is needed in order to provide the type of notice to class members required by F.R.Civ.P. 23(c)(2) and *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1973). Further, it is clear that the Court has the "discretion to limit or redefine the class in an appropriate manner. . . ." 7 *Wright and Miller,* Federal Practice and Procedure, pp. 582–83; see also *Taliaferro v. State Council of Higher Education,* 372 F.Supp. 1378 (E.D.Va.1974); *Rappaport v. Katz,* 62 F.R.D. 512 (S.D.N.Y.1974), and *Green v. Missouri Pacific Railroad Company,* 62 F.R.D. 434 (E.D.Mo.1973).

■ Plaintiffs suggest in their reply memorandum on class certification that the class be limited to those black males who have been subjected to unlawful discrimination within the· five year period prior to commencement of this action, *i. e.,* subsequent to June 9, 1970. This suggestion is first based on *Johnson v. Railway Express,* 417 U.S. 929, 94 S.Ct. 2639, 41 L.Ed.2d 232 (1974) which holds that the statute of limitations for an action based on 42 U.S.C. § 1981 is ordinarily controlled by the statute of limitations governing the most analogous state action. Secondly, plaintiffs' suggestion is based on the case of *Waters v. Wisconsin Steelworks of International Har-*

vester Co., 427 F.2d 476 (7th Cir. 1970) which held § 1981 actions governed by the five year statute of limitations set out in Ill.Rev.Stat. ch. 83 § 16 governing civil actions not otherwise provided for.

I agree that this is appropriate. Thus, at least as to the claims of plaintiffs based on 42 U.S.C. § 1981, the class plaintiffs represent will consist of those black males allegedly suffering unlawful discrimination on or after June 9, 1970.

As to the second problem area of plaintiffs' class definition, whether a person "might have applied but for the discriminatory practices complained of . . . " depends on the state of mind of the particular class member. That being true, no one can be determined to be a member of the class described without an individual adjudication. In such a situation, I believe the allegation too speculative and indefinite to support a class action. *See, Koen v. Long*, 302 F.Supp. 1383 (D.C.Mo.1969), *aff'd* 428 F.2d 876 (8th Cir. 1970) *cert. den.* 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 827 (1971), *Metcalf v. Edelman*, 64 F.R.D. 407 (N.D.Ill. 1974), and *Rappaport v. Katz*, 62 F.R.D. 512 (S.D.N.Y.1974).

This problem as well, may be remedied by the Court. Striking the overbroad allegation will create an appropriate class. Thus, the class I find appropriate in this action can be defined as all black males who on or after June 9, 1970, applied for entry level positions as troopers with the Illinois State Police and were rejected, at least in part, because of their race and/or color, or who will apply for such positions in the future.

### APPLICABILITY OF RULE 23(b)(2)

Defendants contend that plaintiffs' cause is inappropriate for resolution under Rule 23(b)(2). Here, as in the class definition argument, defendants' contentions can be broken into two basic arguments. First, that the cause is inappropriate for a Rule 23(b)(2) class action because defendants' actions both before and after the filing of this action obviate the need for injunctive relief and secondly, that this action contains a claim for back pay which may not be sought under Rule 23(b)(2).

As to defendants' first claim, it appears that while plaintiffs filed this action on June 9, 1975, defendants in 1974, reached an agreement with the Equal Opportunities Commission relative to claims of racial discrimination and in 1974, pursuant to that agreement, took certain steps to remedy any discrimination on the basis of race or sex that may have existed prior to that time. Defendants contend that this agreement and the actions taken pursuant to it, have rendered any injunctive relief unnecessary and that therefore a class formed under F.R.Civ.P. 23(b)(2) is improper.

Although not directly pertinent to the question presented, it should be noted that subdivision (b)(2) was added to Rule 23 in 1966 primarily to facilitate the bringing of actions in the civil rights area. 7A *Wright and Miller*, Federal Practice and Procedure § 1775; Advisory Committee Note to 1966 Amendment reprinted at 39 F.R.D. 98, 102. More directly to the point, however, even assuming that the EEOC agreement to which plaintiffs were not party and had no input, provided all the relief they might be entitled, this suit would still be maintainable as a 23(b)(2) class action. "[T]he language of that subsection speaks not to the ultimate need for actual injunctive relief, but rather to the nature of the alleged conduct by the party opposing the class which, if proved, would make classwide equitable relief appropriate." *Rodgers v. United States Steel Corporation*, 69 F.R.D. 382 (W.D.Pa.1975) citing *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3rd Cir. 1975). See also, *Arkansas Ed. Ass'n v. Board of Ed. Portland, Ark. School Dist.*, 446 F.2d 763, 768 (8th Cir. 1971) where the Court of Appeals for the Eighth Circuit held that a 23(b)(2) class action need not be dismissed where conduct of the defendant had eliminated the need for future injunctive relief.

As to defendants' second point concerning the applicability of Rule 23(b)(2), it is clear that 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages." Advisory Committee

Note to 1966 Amendment reprinted at 39 F.R.D. 98, 102. Several courts, however, have allowed classes formed under 23(b)(2) to proceed even though claims for damages or back pay were included, when the primary relief sought was an injunction. *See, Robinson v. Lorillard Corp.,* 444 F.2d 791 (4th Cir. 1971); *Rodriguez v. Swank,* 318 F.Supp. 289 (N.D.Ill.1970) *aff'd without opinion* 403 U.S. 901, 91 S.Ct. 2202, 29 L.Ed.2d 677 (1971) and *Butcher v. Rizzo,* 317 F.Supp. 899 (E.D.Pa.1970).

Here, it is clear that the primary relief sought by plaintiffs is an injunction to halt what plaintiffs assert to be the racially discriminatory hiring practices of the state police and a declaration that the practices and procedures used by defendants have violated their rights. In such a case, a class action may be maintained under 23(b)(2) even though back pay is sought.

### CLASS REPRESENTATIVES

■ The third basic objection defendants argue is that the three named plaintiffs, Eddie Washington, James Franklin and Michael Wright do not adequately represent the class they propose and further, are not members of that class. At the heart of these contentions is defendants' assertion that at least the named plaintiffs did not suffer discrimination on the basis of race.

This argument goes properly to the individual claims of the named plaintiffs. It does not, however, go to the propriety of the class action plaintiffs seek to have certified.

The named plaintiffs here are clearly black males who applied for positions as troopers in the Illinois State Police. They allege that they were denied employment at least in part on the basis of race. To argue that plaintiffs are not members of the class they propound is to differentiate between alleged discrimination and proven discrimination, and no discrimination has yet been proven. Plaintiffs clearly are members of a class of black males who allege they were denied employment on the basis of race. The named plaintiffs clearly are not required to prove their individual claims before they can be found to be members of the class. Cases are numerous where a class action has been maintained although the individual claims of the named plaintiffs were ultimately found wanting. E. g., *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970); *Huff v. N.D. Cass Company of Alabama,* 485 F.2d 710 (5th Cir. 1973).

As to defendants' contention that named plaintiffs can not adequately represent the class, there is no showing that the named plaintiffs have any interest adverse to the other members of the class. Further, the prior history of this class in and of itself establishes that the named plaintiffs will pursue the interests of the class vigorously.

### CONCLUSION

The other grounds raised by defendants in opposition to certification of this action as a Rule 23(b)(2) class action have been examined and found wanting.

Plaintiffs' motion to certify is granted conditioned upon amendment of plaintiffs' class definition in accord with this Order.