Marlon L. FOWLER, ind. and on behalf
of all others similarly
situated, Plaintiff,

v.

BLUE BELL, INC., a corp., et
al., Defendants.

No. CV 76–M–0431.

United States District Court,
N. D. Alabama, S. D.

Dec. 7, 1981.

Wm. M. Dawson, Jr., George P. Seabourne, Birmingham, Ala., for plaintiff.

Charles A. Powell, III, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., Whiteford S. Blakeney, Blakeney, Alexander & Machen, Charlotte, N. C., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

Plaintiff in this Title VII case alleges that he was discriminated against on the basis of race when defendant failed to hire him in 1970. He seeks also to represent a class of blacks who have applied for employment or are past or present employees of defendant at its Oneonta plant.

This complaint was filed on March 26, 1976. Summary judgment was entered in the defendant's favor on November 30, 1976, on the grounds that the plaintiff's unexcusable delay in bringing this lawsuit had irreparably prejudiced the defendant's ability to defend itself. The Court of Appeals reversed. *Fowler et al. v. Blue Bell, Inc.*, 596 F.2d 1276 (5th Cir. 1979), *cert. denied* 444 U.S. 1018, 100 S.Ct. 671, 62 L.Ed.2d 648 (1980).

The matter is presently before the court on plaintiff's petition for class certification. This memorandum opinion is entered in lieu of findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

Defendant manufactures wearing apparel at its plant in Oneonta, Alabama. Plaintiff has no experience or training in any aspect of that industry. He applied for a job at the Oneonta Plant in March, 1970, and inquired about employment in November, 1970. Plaintiff was not hired. Since November, 1970, plaintiff has had no contact with defendant.

At the time of application, plaintiff's prior work history included various jobs in Cleveland, Ohio, Detroit, Michigan, and in Oneonta. The plaintiff worked at various jobs in the Oneonta area and in Birmingham, Alabama between January, 1971, and August, 1976, when he moved to Cleveland, Ohio. Plaintiff started work in Cleveland shortly afterwards and is still employed at the same place. Three of his siblings reside in Cleveland and plaintiff appears to have a stable living environment.

Plaintiff has been in Oneonta only occasionally for a day or two since moving to Cleveland. He has no records, documents, or other information concerning applicants at the Oneonta Plant. Plaintiff has no knowledge of or information concerning any of Blue Bell's procedures, policies, its personnel or business practices. Plaintiff's evidence with respect to defendant's hiring employment practices at Oneonta is at best sketchy. When questioned, the plaintiff testified that he "possibly" would consider returning to Oneonta and seeking employment with Blue Bell. He knows of only one black (a friend) who applied there during 1970.

While he need not prove a case on the merits, the plaintiff must prove the existence of a class with similar claims. He chose to prove this solely by statistics, and therefore must make a showing that at least gives rise to an inference that there is a class discriminated against. *Garrett v. R. J. Reynolds Industries*, 81 F.R.D. 25, 32 (M.D.N.C.1978). There was neither evi-

dence concerning Blue Bell's employment policies, nor evidence concerning unsuccessful black applicants other than plaintiff.

Plaintiff's proof was by simple submission of exhibits which plaintiff's attorney had compiled. No statistical analysis was performed beyond calculation of percentages. No statistician (or any other witness) was used to introduce the evidence, thus crippling any attempt by the defendant to cross-examine.

Plaintiff contends that the relevant geographical area for statistical comparison is Blount County, Alabama. Plaintiff offered into evidence Exhibit 16, a table entitled "General Population Characteristics: 1970" in which the total population of Blount County is shown as 26,853 people, with 764 of them being black. This exhibit was not admitted into evidence because black representation in the general population—as opposed to the representation of blacks in the workforce or in specific skill and experience segments of the workforce—is largely irrelevant and is not probative with respect to the issues under consideration. Both the Supreme Court and the Fifth Circuit have recognized that general population statistics are inadequate because the statistics must be framed in terms of those qualified. *Mayor of the City of Philadelphia v. Educational Equality League*, 415 U.S. 605, 620–621, 94 S.Ct. 1323, 1333, 39 L.Ed.2d 630 (1974); *Hester v. Southern Railway*, 497 F.2d 1374, 1379 n. 6 (5th Cir. 1974). Furthermore, this document shows that blacks comprise 2.8% of the general population (764/26,853), and not 4% as plaintiff contends. (See plaintiff's Exhibits 2 and 3.)

Other exhibits offered by plaintiff were inadequate because of the lack of complete data. Portions of exhibits which contain percentage comparisons of the number of black and white applicants and new hires from January 1, 1970, until the present were incomplete. Applicant data prior to 1974 was "not available." A number of people hired prior to 1975 could not be racially identified. The race of some of the applicants during 1976–1980 could not be determined.

Although it is incomplete, plaintiff's Exhibit 13 does show that blacks were hired by Blue Bell at the rate of 2.69% during the period of January 1, 1970, through July, 1981. Within that time span, applicant information for a shorter period is available based on both calendar and fiscal years. The calendar year tabulation indicates that 2.13% of the applicants between 1975 and 1980 were black, while the fiscal year information shows a 2.8% black applicant rate. The EEOC finding as to hiring was in error mathematically, in that it found that 11 blacks out of 535 employees was "less than 1%." The actual percentage of black hiring shown by that ratio is 2.1%.

A comparison of black hiring to the population of blacks generally in Blount County shows a near correlation. The defendant hired blacks through the whole period at 2.69%, while the population of blacks was 2.8%. Yet, as stated, this comparison uses the wrong figure. The proper comparison is with the Blount County work force, and not the general population. The plaintiff's statistical showing failed to prove a disparity between the hiring of blacks and their proportions in the work force. It therefore failed to prove the existence of a class.

In addition to failing to prove the existence of class, the plaintiff failed to show that he would be an adequate representative of any applicant class. The former fifth circuit, in a Title VII suit appealed from this district, held it proper to deny representative status to a plaintiff who knew of no other instances of discrimination, had moved from the state, and was not in contact with members of the class. *Jamerson v. Board of Trustees of the University of Alabama*, 662 F.2d 320 at 325 (5th Cir., 1981). In the case before this court, the plaintiff is far removed in time, place, and circumstance from Oneonta, Alabama, and from the class of applicants he seeks to represent. The plaintiff has had no contact whatsoever with either Blue Bell or that Plant since 1970, and knows of only one black who has applied at Blue Bell since 1970. Further, he has indicated that he is

only "possibly" willing to return to Oneonta to seek employment with Blue Bell. He is in all material respects a stranger to the class he seeks to represent.

 The plaintiff is also inadequate to represent several subgroups he seeks to include in the class. His individual claim is simply a hiring claim, yet he seeks to represent employees on assignment, promotion, and transfer claims. There is no evidence that might lead to an inference that such claims exist. Indeed, no evidence of any kind about such claims was introduced. The plaintiff must be a member of the class he seeks to represent. *East Texas Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). A plaintiff who is attacking hiring practices does not bear a sufficient relationship with employees to represent them as a class. *Green v. Missouri Pacific Railroad Co.*, 62 F.R.D. 434 (E.D.Mo.1972), *affirmed in relevant part* 523 F.2d 1290 (8th Cir. 1975).

The petition for class certification is due to be denied.