**CHICKEN DELIGHT, INC., et al.,
Petitioners,**

v.

**George B. HARRIS, District Judge,
Respondent.**

**Harvey S. Siegel et al., Real Parties
in Interest.**

**No. 23959.**

United States Court of Appeals
Ninth Circuit.

June 2, 1969.

M. Laurence Popofsky, Richard L. Goff, Stephen V. Bomse, San Francisco, Cal., for petitioners; Heller, Ehrman, White & McAuliffe, San Francisco, Cal., of counsel.

Broad, Busterud & Khourie, San Francisco, Cal., for Siegel, and others.

Cecil F. Poole, U. S. Atty., for respondent.

Before BARNES, ELY and CARTER, Circuit Judges.

### ORDER

PER CURIAM.

In a Petition for Writ of Mandamus, the Petitioners challenge a portion of an Order issued by the District Court on March 5, 1969.

The Real Parties in Interest, Plaintiffs below, are five of some six-hundred fifty franchisees of the Petitioners who seek treble damages for Petitioners' alleged unlawful monopolistic practices. They successfully advanced their contention that their suit was properly maintainable as a class action under Rule 23(a) and (b) (3), Fed.R.Civ.P. Siegel v. Chicken Delight, Inc., 271 F.Supp. 722 (N.D.Cal.1967). Discovery proceedings followed, after which a dispute arose concerning the issues which might properly be set forth by the Real Parties in Interest in their contemplated notices to all members of the class. District Judge

Harris, the Respondent here, resolved the controversy by the issuance of the Order in question. The Order authorized the Real Parties in Interest to include, in their class notices, two alleged issues. The first of these, which the parties call "the requirements issue," is relative to certain provisions in Petitioners' standard forms of franchise agreements, and the Petitioners do not here question the propriety of communication by the Real Parties in Interest of the existence of that issue in the suit. The second issue is the so-called "pricing issue," and this relates to the allegation by the Real Parties in Interest that the Petitioners have unlawfully exercised control over the retail prices of all members of the class. It is the inclusion of that issue which the petition for mandamus attacks.

After considering the Petition, our Court issued an Order calling for answers pursuant to the provisions of Rule 21(b), Fed.R.App.P. and reserving decision as to whether oral argument should be heard. The Real Parties in Interest filed their Answer, and the Petitioners filed their Reply within the time periods fixed by this Court in its Order inviting responses.

The question raised by the Petition for Writ of Mandamus has been thoroughly and ably briefed by the attorneys for both the Petitioners and the Real Parties in Interest. The Court has concluded, therefore, that there is good cause for dispensing with oral argument and that, in the interest of expediting decision, this Order should issue forthwith. *See*, Rule 2, Fed.R.App.P.

The Court has determined, upon the basis of presented facts and existing authorities, that the Real Parties in Interest should not include the so-called "pricing issue" within the notice which it proposes to send to the franchisees not parties to the suit. The Court believes that the determination of such issue would involve significantly different evidence and separate factual determinations as to each separate franchisee and that to impose such a burden in this case would be inconsistent with the basic salutary purpose of Rule 23, Fed.R.Civ. P.

Accordingly, the Petition for Writ of Mandamus is granted. Such Writ is hereby directed to the United States District Court for the Northern District of California and to the Honorable George B. Harris, Respondent. The challenged Order will be modified by the District Court's directing the Real Parties in Interest to delete from their proposed notice of class action that portion thereof which makes reference to the "pricing issue".