Jerome **SELIGSON** and Dorothy Seligson, husband and wife

v.

The **PLUM TREE, INC.,** et al.

Civ. A. No. 71–1998.

United States District Court,
E. D. Pennsylvania.

June 30, 1972.

Perry S. Bechtle, Mark K. Kessler, Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiffs.

Martin H. Katz, Michael J. Ambrose, Bridgeport, Pa., for defendants.

## OPINION AND ORDER

JOSEPH S. LORD, III, Chief Judge.

Plaintiffs move pursuant to F.R.Civ. P. 23 for an order declaring that this action may be maintained as a class action. For the reasons set forth below, we have concluded that plaintiffs' motion should be conditionally granted pursuant to F.R.Civ.P. 23(c) (1).

On November 26, 1969, plaintiffs entered into an agreement with defendant The Plum Tree, Inc. ("defendant Plum Tree") whereby plaintiffs were given a franchise to operate a giftware store under the federally registered service mark "Plum Tree" in York, Pa. On June 14, 1971, plaintiffs, through their attorney, formally notified defendant Plum Tree that they were revoking and cancelling the franchise agreement for alleged misrepresentations and breach of the agreement by defendant Plum Tree. Plaintiffs instituted this action on August 13, 1971 on their own behalf and on behalf of the class "of all franchisees who have purchased Plum Tree franchises in the United States."

Plaintiffs allege that certain provisions of the franchise agreement entered into by all franchisees violate the antitrust law in that the provisions (1) require the franchisees to purchase interior furnishings, inventory and supplies from defendant Plum Tree at prices in excess of the competitive market, (2) require franchisees to purchase all of their merchandise and supplies from defendants at excessive prices, and (3) prohibit the franchisees from assigning or selling their rights under the agreement without prior written consent of defendants. The complaint also alleges that defendants engaged in an unlawful conspiracy to restrain trade by fixing prices, requiring franchisees to sub-lease store premises from defendants, and recruiting franchisees through misrepresentations. All of the above actions are alleged to violate Section 1 of the Sherman Act, 15 U.S.C.A. § 1. Plaintiffs seek damages and a declaration that their contracts with defendants are terminated and of no further force and effect.

■ Defendants' first objection to the motion for class action determination is that plaintiffs have failed to comply with Local Rule 45(c). Local Rule 45(c) provides in pertinent part as follows:

"(c) Within 90 days after the filing of a complaint in a class action, unless the period is extended on mo-

tion for good cause appearing, the plaintiff shall move for a determination under subdivision (c) (1) of Rule 23, F.R.Civ.P., as to whether the case is to be maintained as a class action. * * * "

Defendants note that plaintiffs did not file their motion for class action determination until January 27, 1972 which is beyond the 90 days permitted by the Local Rule. However, plaintiffs' motion was filed on the same day plaintiffs filed their amended complaint. The amended complaint was timely filed pursuant to F.R.Civ.P. 15(a) as defendants had not filed a responsive pleading. We find that the amended complaint is substantially different from the original complaint both in terms of the number of defendants named and the expanded allegations and claims for relief. We conclude that the 90-day requirement should be applied to the date of the filing of the amended complaint in this case and we therefore find that plaintiffs' motion was properly filed.

Defendants also oppose the class action motion on the grounds that plaintiffs have failed to comply with the requirements of F.R.Civ.P. 23 in that (1) plaintiffs are not members of the class they seek to represent, (2) plaintiffs cannot fairly and adequately protect the interests of the class, (3) plaintiffs' class action allegations are incomplete and insufficient, (4) common questions of law and fact do not predominate, and (5) the class action is not superior to other methods for the fair and efficient adjudication of the controversy. We will discuss the validity of each of these objections.

Defendants maintain that as franchisees who have repudiated their franchise agreement, plaintiffs are not members of the class they purport to represent. Certainly membership in the class by a party who seeks to represent it is a fundamental prerequisite to a class action. Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). To be a member of a class, a party must have rights in the cause of action asserted on behalf of the class, i. e., he must have suffered or be threatened with the same injury alleged on behalf of the class. *See* Greenstein v. Paul, 275 F.Supp. 604 (S.D.N.Y.1967), aff'd., 400 F.2d 580 (C.A.2, 1968). Plaintiffs allege injury as a result of antitrust violations in the terms and conduct of defendants' franchise agreement. Plaintiffs further allege that all franchisees of defendant Plum Tree entered into similar agreements which contained the alleged illegal provisions and were required to operate their franchises in accordance with defendants' alleged illegal practices. The fact that plaintiffs have terminated their agreement with defendant Plum Tree does not in any way affect their claim for damages for the period during which they operated under the terms of the alleged illegal agreement. Plaintiffs seek relief for the same alleged violations as do franchisees who are continuing to operate under the agreement, and we therefore conclude that they are members of the class they seek to represent.

Defendants argue that plaintiffs cannot fairly and adequately protect the interests of the class as required by F.R. Civ.P. 23(a) (4) because plaintiffs seek relief which is adverse to the interest of present franchisees. Plaintiffs seek damages and a declaration that their contract with defendant Plum Tree is of no further force and effect. Defendants argue that if the contracts of present franchisees are terminated, the franchisees would be deprived of their present livelihood and therefore plaintiffs' prayer for relief demonstrates that plaintiffs' interests are antagonistic to those of present franchisees.

As former franchisees, plaintiffs may seek different relief from that sought by present franchisees; however, we cannot therefore conclude that plaintiffs are inadequate representatives of the class. Both present and former

franchisees will be entitled to relief against defendants only if liability under the antitrust law is established. The basis for the claims for relief are identical for both present and former franchisees. Plaintiffs maintain that their action satisfies the requirements of F.R.Civ.P. 23(b) (3).

> " * * * Subdivision (b) (3) * * * looks to the existence of a group defined by the dependence of the individual members on the determination of common issues; any relief ultimately granted may vary among the class members." 3B J. Moore, Federal Practice ¶ 23.45 [1] at 23–703 (2d ed. 1969) [hereinafter cited as Moore].

Therefore, it is no bar to plaintiffs' action or evidence of antagonistic interests that all members of the class do not seek the same relief.[1] Furthermore, F.R. Civ.P. 23(c) (4) (B) provides that a class may be divided into subclasses. Therefore, plaintiffs may litigate the question of antitrust violations as the representative for both present and former franchisees, and the court can divide the class into subclasses on the question of relief, if liability is established.

Defendants next object that plaintiffs' class action allegations are insufficient because plaintiffs do not allege that their claims or defense are typical of the claims or defenses of the class as required by F.R.Civ.P. 23(a) (3). Although plaintiffs do not repeat the language of the rule in their class action allegations, it is clear from the complaint that plaintiffs have alleged the existence of the necessary facts

showing that the prerequisites of this section of the rule are satisfied.

> " * * * An action, of course, is not maintainable as a class suit merely because it is designated as such in the pleadings; whether it is or not depends upon the attending facts." 3B Moore ¶ 23.02–2 at 23–152.

Plaintiffs have alleged that all franchisees were required to enter similar agreements with defendants and operate their franchises pursuant to the policies and practices of defendants which violate the antitrust laws. These allegations are sufficient to establish that plaintiffs' claims are typical of the claims of the class. Plaintiffs have satisfied the requirements of F.R.Civ.P. 23(a) (3) by the facts alleged; they need not in addition repeat the language of the rule. See Gillibeau v. City of Richmond, 417 F.2d 426, 432 (C.A.9, 1969).

Defendants argue that common questions of law and fact do not predominate over questions affecting only individual members of the class as required by F. R.Civ.P. 23(b) (3). They maintain that the allegations of tying and forced buying from Plum Tree raise separate and distinct questions as to each member of the prospective class because the alleged practices are not mandated by the terms of the franchise agreement.

In private antitrust suits brought under 23(b) (3), the "courts as a rule approach the problem of predominance from the point of view of the severability of the issues of liability and damages —whether the asserted statutory violation can be effectively adjudicated in a

---

1. We do not find that this case is similar to Free World Foreign Cars, Inc. v. Alfa Romeo, S.P.A., 55 F.R.D. 26 (S.D. N.Y.1972) cited by defendants. In *Alfa Romeo*, the court found that the cost of defending a class action might force defendant out of business because defendant had only a small share of the foreign car market. The court concluded that plaintiff, a former franchisee of de-

fendant who was seeking damages for alleged antitrust violations, did not have interests co-extensive with present franchisees who depended upon the economic viability of defendant. We have no evidence in this case that the cost of litigating this action as a class action will jeopardize the continued existence of defendants.

class proceeding independent from the proceeding in which individual damages would be assessed." 3B Moore, ¶ 23.-45[2] at 23-758. We must therefore determine whether liability in this case depends on legal and factual issues which are the same for all those allegedly harmed.

The common questions of law and fact in this case are the existence of an illegal conspiracy to restrain trade through illegal tying provisions, price fixing, and misrepresentations. Plaintiffs allege that members of the class were subject to relatively uniform treatment by defendants. Certainly allegations based on antitrust violations in standardized franchise agreements would, if proven, establish liability without need for proof of individual claims. Furthermore, if plaintiffs establish uniform franchise practices by defendants, proof of liability on an individual basis would be unnecessary. Defendants, however, maintain that the terms of the franchise agreement do not require franchisees to purchase all their merchandise from Plum Tree, and therefore each franchisee would have to establish that he attempted to purchase merchandise from other sources and was unreasonably prevented from doing so by Plum Tree.

Discovery in this case has only recently begun, and it is therefore difficult to determine with certainty whether plaintiffs' allegations will require proof of individual claims or whether liability can be established on the basis of uniform practices of defendants. We cannot now conclude that questions affecting individuals predominate over common questions of law and fact. F.R. Civ.P. 23(c) (1) provides that an order determining a class action "may be conditional, and may be altered or amended before the decision on the merits." Furthermore, if we should determine that certain issues are appropriate for class action treatment, the action can be maintained as a class action with respect to those particular issues pursuant to Rule 23(c) (4) (A).

Defendants' final objection is that the class action is not superior to other methods of adjudication because the class is not so numerous that joinder is impracticable and plaintiffs' claims are large enough to be pursued individually. We find defendants' argument to be without merit. Defendants have stated that there are approximately 60 Plum Tree franchisees in the United States, and plaintiffs have alleged that the class is geographically diverse. We find that joinder would be impracticable in this case. Furthermore, we cannot agree with defendants that class actions should be confined to suits involving small claims.

" * * * [N]owhere is there expressed any dominate judicial policy which would remove anti-trust suits as a matter of course from within the province of Rule 23."

Siegel v. Chicken Delight, Inc., 271 F. Supp. 722, 724 (N.D.Cal.1967).

We conclude that plaintiffs' complaint satisfies the prerequisites of a class action as set forth in F.R.Civ.P. 23(a) and (b) (3).