**Joseph MATARAZZO, Plaintiff,**

v.

**FRIENDLY ICE CREAM CORPORATION, Defendant.**

**No. 73–C–545.**

United States District Court,
E. D. New York,

Feb. 14, 1974.

Kreindler & Kreindler, New York City, for plaintiff; Paul M. Bernstein, Max W. Berger, New York City, of counsel.

Pollack & Singer, New York City, for defendant; Daniel A. Pollack, Martin I. Kaminsky, Neil D. Thompson, New York City, of counsel.

BARTELS, District Judge.

This is a motion under Rule 23(c)(1), F.R.Civ.P., 28 U.S.C., for class action determination in a private antitrust action for treble damages brought by the plaintiff against the defendant pursuant to Sections 1 and 2 of the Sherman Act and Sections 3, 4 and 16 of the Clayton Act (15 U.S.C. §§ 1, 2, 14, 15 and 26), and also for injunctive relief, alleging class representation.

Defendant Friendly Ice Cream Corporation ("Friendly") is a food processor and distributor of ice cream, hamburgers, frankfurters, soup and sandwiches and beverages through approximately 350 Friendly stores located in New England, New York and six other states. The menus, portions and prices to the consumer are standardized throughout all Friendly stores which are operated by individuals pursuant to similar contracts with Friendly which purport to create an employer-employee relationship between Friendly and such individuals. Under these contracts and related instructions, rules and regulations, Friendly furnishes food products (ice cream, hamburgers, syrups), equipment, packaging and supplies to the store managers who are required to sell such products under the Friendly trademark and trade name at fixed prices and who are not permitted to buy items that Friendly stocks from any source other than Friendly.

Plaintiff is a former Friendly store manager who claims to represent all persons who are now operating or who have operated Friendly stores during the period from April 20, 1969 to April 20, 1973 (class period). This putative class, in reality, is composed of present Friendly store managers, former Friendly store managers who have been promoted to higher positions at Friendly, and former Friendly store managers no longer employed by Friendly.

Two months after the commencement of the litigation, plaintiff moved for class action determination on behalf of all present and former Friendly store managers during the four-year statutory period, pursuant to Rule 23. Thereafter and while this motion was pending, defendant solicited all the present Friendly store managers and obtained a statement from them to the effect that they did not wish to participate as a member of any class in the present lawsuit and intended to release Friendly from any claims with respect to the alleged antitrust violations charged by plaintiff ("statement").

The essence of plaintiff's claim is that the contracts with the store managers as supplemented by Friendly's rules and regulations, are not employment contracts but are in fact standardized franchise agreements with the store managers requiring these managers to (1) purchase their total requirements of certain items of food products and other products used in their business from Friendly at fixed prices, and if Friendly could not supply such products, to purchase same from suppliers designated by

Friendly, and (2) charge fixed prices to the public for the food items as a condition to the use of Friendly's trade name and trademark, and to operate a store which arrangement, plaintiff claims, constitutes illegal "tying" arrangements, price fixing and resale price maintenance in violation of Section 1 of the Sherman Act and of the above sections of the Clayton Act.

In defense Friendly insists that the agreement[1] between it and the store managers is one of employer and employee and not one of franchiser and franchisee; that it operates 360 Friendly Ice Cream shops in twelve states; that there are presently 383 Friendly store managers currently employed by Friendly, 47 former store managers who have been promoted to higher positions and 168 former store managers who are no longer employed by Friendly; that of the first two categories, 100% of the potential members of the class signed a statement after contact by the defendant, purporting to release Friendly from any alleged anti-trust violations, and that the remaining 168 former store managers have not been contacted by either plaintiff or defendant.

## I

The issue facing the Court is whether this action may be prosecuted as a class suit on behalf of any of the store managers under the provisions of Rule 23. Friendly claims the suit may not proceed as a class action because of the absence of a franchise relationship between the parties and in particular, because of the failure of the plaintiff to satisfy the requirements of Rule 23(a)(1). We may not, in determining the propriety of the class action, investigate the question of whether the plaintiff will or will not ultimately prevail upon the merits. Miller v. Mackey International, Inc., 452 F.2d 424, 427 (5th Cir. 1971); Mersay v. First Republic Corporation of America, 43 F.R.D. 465 (S.D.N.Y.1968); Fogel v. Wolfgang, 47 F.R.D. 213, 215, n. 4 (S.D.N.Y.1969); Eisen v. Carlisle & Jacquelin, 479 F.2d 1005, 1016 (2d Cir. 1973), cert. granted, 414 U.S. 908, 94 S.Ct. 235, 38 L.Ed.2d 146 (1973); Dolgow v. Anderson, 438 F.2d 825 (2d Cir. 1971). We note, in passing, that this mandate in some cases presents incongruities.[2] In this case there is no basis for an anti-trust action unless there is a determination that a

---

1. In explaining the agreement with its store managers, Friendly alleges that after a training program of 12 to 24 months, a store manager is assigned to manage a store under the direction of the division and district manager (a position to which store managers may be promoted), as well as the executive staff of Friendly; that the contract between Friendly and its store managers is terminable by either party without cause on fourteen days' notice and provides that the store manager will be guaranteed the Federal minimum wage ($6,000 per annum), with additional incentive compensation in the event the "net profits" of the store, as defined in the employment agreement, exceed the guaranteed base compensation; and that Friendly files W-2 forms for the managers' compensation. Under the arrangement, plaintiff was required to deposit $6,000, which Friendly categorizes as a deposit against excess and unauthorized withdrawals and which plaintiff claims to be an investment.

It further claims that it maintains its headquarters, plant and purchasing facilities which supply most of the food products sold at Friendly stores in Massachusetts, and that it operates under uniform policies for all its stores, employees, executives, division and district managers, store managers and store-manager trainees, countermen, dishwashers, waitresses, etc.; that it owns or leases all of its stores, representing an investment in each case of approximately $130,000 exclusive of the land cost; and that it owns all the capital equipment and all the food items sold to the public.

2. In Huff v. N. D. Cass Company of Alabama, 485 F.2d 710, 713 (5th Cir. 1973), the Court said: "we reject also the argument that the judge is inextricably bound by the face of the pleadings."

franchise exists. Yet if a trial were had upon this question before a determination on the class issue and it was found that a franchise relationship existed, that finding would not bind Friendly with respect to other class members, and by the same token if there were a finding that the relationship was one of employer-employee, that finding would not bind the other class members, vis-a-vis, Friendly.[3] Rule 23(c)(1) specifically provides that: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." Therefore, if any prompt determination upon the propriety of a class action is to be made, it must be predicated upon the assumption that a franchise exists. Based upon that assumption, defendant claims that nevertheless the suit cannot be maintained as a class action because of lack of numerosity and inadequacy of representation.

■■ Proceeding to the requirement of numerosity under Rule 23(a)(1), it is necessary, first, to determine who the plaintiff can adequately represent. He claims to represent not only former store managers but also present store managers and those who have been promoted to other positions at Friendly. To do so, he must establish that he is a member of the class he seeks to represent. Hall v. Beals, 396 U.S. 45, 48–49, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); Gaines v. Budget-Rent-A-Car Corp. of America, 1972 Trade Cases ¶ 73,860 (E.D.Ill.1972); Abercrombie v. Lum's Inc., 345 F.Supp. 387 (D.C.Fla.1972); Carroll v. Associated Musicians of Greater New York, 316 F.2d 574 (2d Cir. 1963); Syna v. Diners Club, Inc., 49 F.R.D.

119, 121 (S.D.Fla.1970). Plaintiff has the burden of establishing that, in reality, he can adequately represent present and promoted store managers as well as former store managers. He claims that present and promoted store managers need the protective umbrella of a class action to assert their rights because of fear of reprisal or termination of their existing one-year contract in the event that they individually commenced a suit. We find no evidence to support this contention but, in fact, believe that in the interest of their own economic benefit and advancement, they would be more interested in continuing their present relationship with Friendly under the theory of employer-employee concept, rather than otherwise. Furthermore, former store managers do not have the same interests as present store managers in seeking injunctive relief which might upset Friendly's operation to an extent requiring, for economic reasons, termination of the agreement with many store managers. See Air Line Stewards & Stewardesses Local 550 v. American Airlines, Inc., 490 F.2d 636 (7th Cir. 1974). Plaintiff argues that such objections to his representation of the present and promoted store managers could be obviated by the exercise of such store managers of an "opt out" privilege under the provisions of Rule 23(c)(2). Since, however, their interests are antagonistic, and this Court does so find, there is no reason to invoke the machinery of Rule 23(c)(2) with its attendant expense. See Free World Foreign Cars, Inc. v. Alfa Romeo, 55 F.R.D. 26 (S.D. N.Y.1972). Plaintiff relies upon McMackin v. Schwinn Bicycle Co., 1972 CCH Trade Cases ¶ 74,220 (N.D.Ill. 1972), which in fact did permit a terminated franchise to represent a class of former and present franchisees, relying in part at least on Seligson v. The Plum

---

3. If the claim is susceptible to a motion for summary judgment and Friendly is successful, the suit will be terminated before class action determination. See Sunrise Toyota,

Ltd. v. Toyota Motor Co., 55 F.R.D. 519 (S.D.N.Y.1973); Seligson v. The Plum Tree, Inc., 55 F.R.D. 259 (E.D.Pa.1972).

Tree, Inc., 55 F.R.D. 259 (E.D.Pa.1972), subsequently vacated, and also on the opt-out provision of Rule 23(c)(2) and the sub-class provision of Rule 23(c)(4). We do not subscribe to this reasoning in the factual context of this case. Thus, we do not believe that plaintiff is in a position to adequately represent the present and promoted store managers. See Gaines v. Budget-Rent-A-Car Corp. of America, *supra*; Van Allen v. Circle K Corp., 58 F.R.D. 562 (D.C.Cal.1972); Seligson v. The Plum Tree, Inc., 61 F.R.D. 343 (E.D.Pa.1973), vacating that Court's judgment in Seligson v. The Plum Tree, Inc., *supra*.

■ In reaching this finding, we have not thought it necessary to rest our decision upon the non-participation statements signed by the present and promoted store managers, although they clearly support this conclusion. Plaintiff vigorously attacks these statements upon the ground of coercion and impropriety, citing Greisler v. Hardee's Food Systems, 1973 CCH Trade Cases ¶ 74,455 (E.D.Pa.1973); Shulman v. Ritzenberg, 47 F.R.D. 202 (D.D.C.1969); Weight Watchers of Philadelphia v. Weight Watchers International, 455 F. 2d 770 (2d Cir. 1972); Section 1.41 of the Manual for Complex Litigation; Donson Stores, Inc. v. American Bakeries Co., 58 F.R.D. 485 (S.D.N.Y.1973). We find no evidence of coercion or fraud in connection with the execution of these statements, nor do we find any basis in

the theory that once a plaintiff files a complaint designating it a "class action," the defendant is thereafter precluded from communicating with potential members of the class.[4] Weight Watchers of Philadelphia v. Weight Watchers International, *supra*. Since treble damages are recoverable for violation of antitrust laws, the present and promoted store managers may well find sufficient damages at stake to justify individual or even joint suits if they believe their rights are being violated. Free World Foreign Cars, Inc. v. Alfa Romeo, *supra*. Consequently, we find no merit in plaintiff's suggestion that his failure to represent such store managers would be the "death knell" of their claims, although it might reduce the amount of the attorney's fees if plaintiff is successful.[5]

## II

■ Failure of plaintiff to adequately represent the present and promoted store managers does not disqualify him from representing all former store managers. Applying the test required by Rule 23 in determining the propriety of a class action, we find that (1) the former store managers are sufficient in number (168) to justify plaintiff's representation of that class; (2) there exist common questions of law and fact applicable to all store managers' contracts; and (3) since plaintiff as such former store manager has no interest

---

4. Nevertheless, we believe it a better practice in case of any prior communication to or release from potential class members, that such communication or any solicitation be approved by a court order prior to contact. See Section 1.41 of the Manual for Complex Litigation. For example, the present non-participation statements do not conform to the requirement of Rule 23 "opt out" notice, since they do not indicate that the store managers were advised that the present suit involved a recovery of damages and that they could remain silent in and absent from the proceeding, and also that their remaining in the proceeding would not involve liability for attorney's fees.

5. As stated by Judge Medina in Eisen v. Carlisle & Jacquelin, *supra*, 479 F.2d at 1018: "Class actions have sprouted and multiplied like the leaves of the green bay tree." And by Judge Weinfeld in Free World Foreign Cars, Inc. v. Alfa Romeo, *supra*, 55 F. R.D. at 30: " . . . that substantial questions have been raised whether the Rule, intended to benefit the small consumer or investor who otherwise would have no means of redress, has really achieved its promise, or rather whether it has resulted in miniscule recoveries by its intended beneficiaries while lawyers have reaped a golden harvest of fees."

adverse to other members of the same class, he may adequately represent that class. It also appears that counsel for plaintiff is able and experienced in anti-trust and class action litigation and could vigorously prosecute the action on behalf of the plaintiff and those he seeks to represent. Herbst v. Able, 47 F.R.D. 11 (S.D.N.Y.1969); Sunrise Toyota, Ltd. v. Toyota Motor Co., 55 F.R.D. 519 (S.D.N.Y.1973); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968). If it is determined that the agreement was a franchise agreement, the sequential issue of violation of anti-trust laws would involve predominating questions of law or fact typical and common to all terminated store managers. It is apparent in this connection that there may be different damages sustained by various store managers, predicated upon the market for supplies and sales in the different areas, as well as the length of services of the store manager, but this is not sufficient to defeat the class action. See Mersay v. First Republic Corporation of America, *supra*; City of Philadelphia v. American Oil Co., 53 F.R.D. 45, 67 (D.N.J.1971); State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484 (N.D.Ill. 1969); Herbst v. Able, *supra*; Sunrise Toyota, Ltd. v. Toyota Motor Co., *supra*. If the Court finds in the future that the difference in area prices both for supplies and sales would create issues inappropriate for class action treatment, it will review its determination regarding the propriety of treating this issue on a class basis. Chicken Delight, Inc. v. Harris, 412 F.2d 830 (9th Cir. 1969). However, in the meantime, it is clear that the class action with respect to former store managers would be a superior method for a fair and efficient adjudication of the controversy.

Since the Court is unwilling to permit plaintiff to proceed as a class representative of the present and promoted store managers, his claim for injunctive relief is dismissed.

### III

The Court finds that plaintiff has satisfied the necessary requirements of Rule 23(a) and (b)(3) to proceed with this action as a class action on behalf of all former store managers of Friendly but not on behalf of the present and promoted store managers of Friendly. Counsel for plaintiff and defendant are accordingly requested to agree on the form of notice to the class and refrain from any contact with its members.

Submit appropriate orders.