Glenford C. SMITH et al., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

DENNY'S RESTAURANTS, INC., et al., Defendants.

Walter E. BIEWER, Jr., and Edna M. Biewer, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

DENNY'S RESTAURANTS, INC., et al., Defendants.

Nos. C-72-1143 SW, C-72-1205 LHB.

United States District Court, N. D. California.

March 27, 1974.

John E. Hill, Lieff, Alexander, Wilcox & Hill, San Francisco, Cal., for plaintiffs.

John J. Hanson, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER

SPENCER WILLIAMS, District Judge.

Plaintiffs have commenced this suit against Denny's Restaurants and others for alleged antitrust violations and ask the Court to declare as a class all persons who have operated either a Denny's Restaurant or Sam's Roast Beef Shop under one of two standard franchise agreements.

Their basic antitrust claim is that defendants created illegal tying arrangements by conditioning the grant of franchises on the promise of franchisees to purchase certain supplies and services from defendants, or their designated suppliers, at fixed higher-than-market prices.

■ To prevail in their antitrust claim, plaintiffs must prove that: (1) Defendants coerced them to enter into their anti-competitive scheme; (2) they have suffered injury to their business or property, and (3) their damages can be determined with specificity.

■ To determine whether there can be a designated class of such plaintiffs, the Court must find that "questions of law and fact common to members of the class predominate over any questions affecting only individual members."[1] The resolution of this question requires an analysis of the specific issues to be litigated and of the proof that will be required at the trial.[2]

As applied to the instant case, individual testimony would be necessary as to each franchise to establish: (1) whether its issuance was conditioned on acceptance of the claimed anti-competitive scheme; (2) whether the purchases of suppliers and services from the defendants were in fact at fixed higher-than-market prices, and if so, (3) the extent of the injury suffered. While it is true that the problem of individual measurement of damage suffered by each member of a class need not preclude a determination that a class exists,[3] it is another matter where separate proof is necessary to establish the individual injury of each class member.[4] Such would appear to be the case here, for even if we were to assume arguendo that there is a *per*

1. F.R.C.P. 23(b)(3)

2. Abercrombie v. Lum's, Inc., 345 F.Supp. 387, 390 (S.D.Fla.1972).

3. Dolgow v. Anderson, 43 F.R.D. 472 (D.C. N.Y.1968) reversed on other grounds 438 F. 2d 825 (2d Cir. 1970); 3B Moore on Federal Practice ¶ 23.45(2); Wright & Miller, Federal Practice & Procedure, Civil § 1781.

4. By its own terms, the Clayton Act limits recovery to those who can show injury to their business or property. Gray v. Shell Oil Company, 469 F.2d 742 (9th Cir. 1972); Siegel v. Cichken Delight, *supra*, 448 F.2d at 52; Winckler & Smith Citrus Products Co. v. Sunkist Growers, Inc., 346 F.2d 1012, 1014 (9th Cir. 1965).

This Court is aware that in February and March of 1972, Judge Alfred T. Goodwin of the District of Oregon tried an almost identical case, heard evidence on liability only, assumed for the purpose of his ruling that antitrust violations had occurred, and

*se* Federal Anti-Trust violation, individual testimony as to each franchisee would still be required to determine if injury, in fact, resulted.

Plaintiffs rely heavily on Siegel v. Chicken Delight, 271 F.Supp. 722 (N.D. Cal.1967); modified at 412 F.2d 830 (9th Cir. 1969) and at 448 F.2d 43 (9th Cir. 1971), to support their contention that their class fully satisfies the Rule 23 requirements. *Chicken Delight* involved a franchise conditioned on contractual commitments that plaintiffs purchase their total requirements of certain cooking equipment, food items and packaging material from the franchisor-defendant. The trial court found the franchise agreement to be the "focal point" of the alleged violations and declared a class on two issues: tying arrangements and retail price fixing.[5]

The factual distinctions between these franchise agreements and those in *Chicken Delight* clearly outnumber their similarities. Paragraph 7(E) of Denny's franchise agreements require plaintiffs to purchase certain items from "Schedule A" suppliers approved by Denny's. Unlike the *Chicken Delight* agreement which required the purchase of supplies from defendant without any alternative, this contract further provides that the franchisee can purchase "any commodity from any supplier" when certain conditions have been met.[6]

To establish an unlawful tying arrangement, plaintiffs must show that one product (in this case the franchise) may not be obtained unless the other (supplies from approved suppliers) is also purchased. Times-Picayune Co. v. United States, 345 U.S. 594, 73 S.Ct. 872, 97 L.Ed. 1277 (1953). As a matter of law, the Denny's franchise agreement, standing alone, does not constitute a tying arrangement. Additional suppliers may be added under the contract at the franchisee's option. Of course, the unreasonable imposition of conditions on the request, or the unjustified withholding of final approval could transform the contract into an unlawful tying arrangement. But whether such a course of conduct has been pursued would itself require individualized evidence as to each franchisee.

Similar questions on existence of a tying arrangement between individual franchisees and franchisors have precluded class determinations in other suits. Abercrombie v. Lum's, Inc., *supra*; DiCostanzo v. Chrysler, 57 F.R.D. 495 (E.D.Pa.1972); In Re 7–Eleven Antitrust Litigation, 16 F.R.Serv.2d 537 (N.D.Cal.1972). Plaintiffs cite two instances where courts allowed a class action under like provisions. Seligson v. Plum Tree, Inc., 55 F.R.D. 259 (E.D.Pa. 1972); Butkus v. Chicken Unlimited, 1971 Federal Trade Cases ¶ 73,780 (N. D.Ill.1971). However, the *Seligson* court subsequently dismissed its conditional class on various grounds and this Court is not persuaded by the *Butkus* decision.

The complaint also alleges that certain other provisions requiring franchisees to lease real property, equipment, outdoor signs and purchase insurance from the company are illegal tying arrangements presenting issues common to the class. However, as in the 7–Eleven Antitrust

---

ruled that the plaintiff had not established liability as his evidence failed to show the injury required by 15 U.S.C. § 15. Vanlandingham v. Denny's Restaurants, Inc., et al., Civ. No. 69–424, United States District Court of Oregon, Opinion of June 8, 1972.

5. The Court of Appeals affirmed the class ruling on the tying arrangement but determined the pricing issue would require significantly different evidence and separate factual determinations as to each franchisee. 412 F.2d 830, 831 (9th Cir. 1969).

6. These conditions are: (1) a written request for approval; (2) a demonstration that the supplier is able to supply a commodity meeting certain specifications; (3) a demonstration to Denny's reasonable satisfaction that the proposed supplier has a good business reputation, (4) an authorization for Denny's to inspect the proposed supplier's facilities at the expense of the franchisee seeking approval, and (5) a showing that the goods offered are at a price equal to or lower than those offered by company approved suppliers.

Litigation, these claims are peripheral in nature; the Schedule A supplier requirements are the backbone of the dispute and clearly predominate any common issues.

■■■■■ Other antitrust allegations concerning rebate schemes, price-fixing and preferential price treatment also will require individualized proof as to each franchisee. Indeed, despite the wide allegations of antitrust conspiracy, the only common issues presented are that each plaintiff alleges Sherman and Clayton Acts violations. These issues do not commend themselves to class action treatment. See Siegel v. Chicken Delight, 448 F.2d 43 (9th Cir. 1971); Lah v. Shell Oil Co., 50 F.R.D. 198 (S.D. Ohio 1970).

The two remaining class claims of breach of contract and misrepresentation also fail to satisfy Rule 23(b)(3) requirements.

For the foregoing reasons, it is ordered that plaintiffs' motion to declare a class be, and the same is, hereby denied.